UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 4:16-cv-01012-DGK |
| BRIAN SCHOOLEY, BRAD SCHOOLEY, and BRIDGET BRUNNER, ) ) ) | |
| Defendants. ) | |

**ORDER DIRECTING THE PARTIES TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

This case purports to be an interpleader action brought pursuant to 28 U.S.C. § 1335 concerning entitlement to the proceeds of a life insurance policy. Plaintiff Jackson National Life Insurance Company ("Plaintiff") alleges it is subject to potentially competing claims from three siblings—Defendants Brian Schooley, Brad Schooley, and Bridget Brunner—for the policy proceeds. Plaintiff seeks to interplead the funds into the Court's registry and have the Court determine who is entitled to the funds.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the threshold question for every federal court is whether it possesses subject matter jurisdiction to hear the case. If the court lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). Under § 1335, a federal district court has original jurisdiction over any interpleader action involving: (1) an insurance policy worth at least $500, and (2) where two or more adverse claimants of diverse citizenship have claimed, or may claim, to be entitled to the policy proceeds. 28 U.S.C. § 1335.

It is unclear whether either of these jurisdictional elements is satisfied in this case. First, neither the Complaint (Doc. 1) nor Plaintiff's Motion to Interplead Funds (Doc. 14) states the value of the policy proceeds. The Complaint merely makes a conclusory allegation that "this is an action for interpleader that exceeds $500." Compl. ¶ 5. Second, it is unclear whether defendants' positions are truly adverse.

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. In order to clarify whether this Court possesses subject matter jurisdiction to hear this case, Plaintiff—and any other party wishing to invoke federal jurisdiction in this matter—shall submit a short filing within fourteen days establishing the requisite jurisdictional facts. This filing shall not exceed five pages, exclusive of exhibits. If any party makes such a filing, any other party shall have seven days to file a response not to exceed five pages, exclusive of exhibits. No reply briefs will be permitted without leave of court.

**IT IS SO ORDERED.**

Date:  December 6, 2016             /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT